THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN LINK and RUSSELL LINK,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | NO. 2:16-cv-01117-RAJ<br><br>ORDER |

This matter comes before the Court on Defendant American Family Mutual Insurance Company's motion to stay this action pending appeal of a related judgment in Washington State superior court. Dkt. 24. Plaintiffs Kathleen and Russell Link oppose Defendant's motion. For the reasons that follow, the Court **GRANTS** Defendant's motion.

**I.     BACKGROUND**

The following facts are undisputed. Plaintiff Kathleen Link and her daughter, Vanessa, were injured when their vehicle has hit by another vehicle driven by Yen

ORDER - 1

Wally. Wally was insured by Defendant American Family Mutual Insurance Company. Plaintiffs filed suit against Wally and her husband, Edison Wally, in Snohomish County Superior Court. Plaintiffs entered into a stipulated judgment with the Wallys, which assigned Plaintiffs any claims arising out of the Wallys' insurance contract with Defendant. The superior court found the stipulated judgment reasonable, a finding which Defendant is currently challenging on appeal.

After entering into the stipulated judgment—and stepping into the shoes of the Wallys—Plaintiffs brought the instant suit asserting various claims against Defendant, including breach of contract, breach of fiduciary duty, bad faith, and violations of the Unfair Claims Practices Act, Washington Consumer Protection Act, and Insurance Fair Conduct Act. Plaintiffs and Defendant have each moved for summary judgment. However, Defendant now moves to stay the proceeding and postpone resolution of the summary judgment motions while its appeal of the superior court's reasonableness finding is pending. Plaintiffs oppose the motion.

## II. LEGAL STANDARD[1]

"It is well-established that a district court possesses the power to stay cases, which is incidental to the 'inherent power to control its docket and promote efficient use of judicial resources.'" *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116152, at

---

[1] The parties disagree on the correct standard for determining whether a stay should be granted pending appeal. Defendant has supplied the Court with a Washington state-law standard, while Plaintiffs insist that the federal preliminary-injunction standard applies. Neither party is correct. Each cites a standard a court would use when determining whether to stay the enforcement of a court order pending appeal of that particular order, rather than the standard the district court would apply when determining whether to hold the entire proceeding in abeyance pending the outcome of a completely independent proceeding, like the state appeal at issue here.

ORDER - 2

*1 (W.D. Wash. April 5, 2013) (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (1979).

However, the Court's discretion to grant a stay is not unfettered. A district court should consider a number of factors in determining whether to grant a stay. First, "if there is even a fair possibility that the stay . . . will work damage to someone else," the stay may be inappropriate absent a showing by the moving party of a "clear case of hardship or inequity." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). Second, a stay should generally not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva*, 593 F.2d at 864. Third, "courts more appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in a delay in monetary recovery." *Trotsky*, 2013 WL 12116152, at *2 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)).

**III.   DISCUSSION**

Defendant argues that a stay is appropriate because a reversal of the superior court's judgment would strip Plaintiffs of standing in this case. Indeed, the viability of Plaintiffs' bad-faith claims depends on the validity of the stipulated judgment. If the judgment is reversed by the state court of appeals, then Plaintiffs—who do not have an

ORDER - 3

insurance contract with Defendant—will not have standing to bring the claims that form the basis of this suit.

Plaintiffs counter that a stay would "substantially injure" them because: (1) they "have a strong interest in finality"; and (2) the monetary judgment imposed by the superior court remains unsatisfied while the appeal is pending. Pls.' Resp., Dkt. 29 at 7. But a stay in *this* proceeding has no effect on the finality of the Plaintiffs' judgment in the state court. Nor will it prevent the Wallys, who are not a party to the instant suit, from paying the damages they owe to Plaintiffs under the stipulated judgment. Further, Plaintiffs are seeking only monetary damages in this case and do not allege any continuing harm that would necessitate immediate relief.

Neither party addresses whether the appeal will be resolved within a reasonable time, but the briefing schedule provided by Defendant indicates that the Washington Court of Appeals is fully briefed and ready to consider the appeal. Def.'s Mot., Dkt. 24 at 3. The Court is, therefore, satisfied that the matter will be resolved in a reasonable time and grants Defendant's motion to stay the proceeding. The pending motions for summary judgment are continued until such time as the court of appeals determines whether the superior court erred in its determination that the stipulated judgment—including the assignment of the Wallys' claims to Plaintiffs—was reasonable.

**IV. CONCLUSION**

For all the foregoing reasons, the Court **GRANTS** Defendant's motion for stay pending appeal. The parties shall provide notice to the Court immediately upon the

ORDER - 4

resolution of the pending appeal and brief the Court on its effect on this proceeding.

Dated this 8th day of May, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge