THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN LINK and RUSSELL LINK,

Plaintiffs,

vs.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

Defendant.

NO. 2:16-cv-01117-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs Kathleen and Russell Link's motion for reconsideration of the Court's May 8, 2017 order granting a stay in the proceedings. Dkts. # 37, 28. For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

## II. LEGAL STANDARD

Pursuant to this Court's Local Civil Rules, "[m]otions for reconsideration are disfavored." LCR 7(h). The Court will only grant such a motion upon a "showing of

ORDER - 1

manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.*

### III. DISCUSSION

The facts of this case are well known to the Court and the parties, and the Court will not recount them here. Plaintiffs request that the Court reconsider its order granting a stay pending the outcome of an independent proceeding in the Washington Court of Appeals, arguing that the result of that appeal will not affect the instant proceeding in this Court. The Court concluded in its previous Order that "the viability of Plaintiffs' bad-faith claims depends on the validity of the stipulated judgment" that is now being appealed. Dkt. # 37.

Plaintiffs renew their argument that the Washington Court of Appeals is powerless to invalidate the settlement underlying the stipulated judgment assigning Plaintiffs the claims they bring here. In their brief opposing the stay, Plaintiffs contended that "[t]he Court [of Appeals] cannot simply 'rescind' the binding settlement agreement and assignment between the Wallys and Links. Even if Division I decided to overturn a Division I Judge's reasonableness determination, the only issue impacted is the amount of damages, and that would then be decided in binding arbitration." Dkt. # 29 at 8. Plaintiffs cited no law supporting their argument that the appellate court's review has no bearing on the validity of the assignment of claims. Now, for the first time, Plaintiffs direct the Court's attention to RCW 4.22.060(3), which provides:

ORDER - 2

> A determination that the amount paid for a release, covenant not to sue, covenant not to enforce judgment, or similar agreement was unreasonable shall not affect the validity of the agreement between the released and releasing persons nor shall any adjustment be made in the amount paid between the parties to the agreement.

Given the plain text of the statute, it appears that Plaintiffs' argument is, indeed, meritorious. However, Plaintiffs have not provided an explanation for why this authority could not have been brought to the Court's attention sooner. Nor have Plaintiffs shown that the Court's discretionary issuance of a stay rises to a level of manifest error that injures them in any way. *See* Dkt # 37 at 4. Therefore, the Court's decision granting a stay will stand. But, as requested by Plaintiffs, the Court clarifies that the stay will be lifted after a decision from Division 1 of the Court of Appeals and will not be extended even in the event that the Washington Supreme Court reviews the case.

### IV. CONCLUSION

For all the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration.

Dated this 30th day of August, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3